# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENYEHUDAH WHITFIELD,           )
                                )
       Plaintiff,             )
                                )
vs.                             )    CIVIL NO. 06-968-GPM
                                )
LAWRENCE CORRECTIONAL           )
CENTER, *et al.*,               )
                                )
       Defendants.            )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and for violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. Plaintiff also has filed a motion for a copy of the docket sheet (Doc. 15) and a motion asking the Court to enter a scheduling order (Doc. 16).

Plaintiff's *pro se* amended complaint is divided into the following enumerated counts:

**COUNT 1:** Against Defendants Anderson; Benton; Boyd; Fairchild; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for impinging upon his religious practices (denying services and programs) in violation of RLUIPA.

**COUNT 2:** Against Defendants Anderson; Benton; Boyd; Fairchild; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for violating the Establishment Clause of the First Amendment by providing services and programs for other religious groups, but not for the religious group to which Plaintiff belongs.

**COUNT 3:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Sutton; Walker; and Wilson for impinging upon his religious practices (denying religious meals) in violation of RLUIPA.

**COUNT 4:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating his right to freely exercise his religion under the First Amendment (denying him religious meals).[1]

**COUNT 5:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Sutton; Walker; and Wilson for impinging upon his religious practices (allocation of funds) in violation of RLUIPA.

**COUNT 6:** Against Defendants Anderson; Benton; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating the Establishment Clause of the First Amendment (unequal allocation of funds for religious services and programs).

**COUNT 7:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating Plaintiff's Eighth Amendment rights (nutritionally inadequate meals).

**COUNT 8:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for violating Plaintiff's rights to due process and equal protection under the Fourteenth Amendment with regard to Counts 1 through 7.

**COUNT 9:** Against unspecified "officials of IDOC, Lawrence, and Pinckneyville" for violating the First Amendment by failing to take the necessary steps to accommodate "the religious needs of African Hebrew Israelites" when such officials had notice of the failure to accommodate their religious needs given the number of grievances and lawsuits filed.

**COUNT 10:** Against Defendants Goins and McCallister for substantially impinging Plaintiff's right to freely exercise his religion in violation of RLUIPA and for violating his free exercise rights under the First Amendment by forcing him to receive a "T.B. shot" on the Sabbath.

**COUNT 11:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Stevenson; Sutton; Walker;

---

[1] The amended complaint categorizes this claim as asserting a claim under the Establishment Clause of the First Amendment, but the claim is more accurately analyzed under the Free Exercise Clause of the First Amendment.

>   Wilson; Goins; and McCallister for "official misconduct, unprofessionalism, and negligence" with regard to Counts 1 through 10.
>
> **COUNT 12:** Against Defendants Illinois Department of Corrections; Lawrence Correctional Center; Pinckneyville Correctional Center; Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Grizzwall; Love; Moran; Ryker; Stevenson; Sutton; Walker; Wilson; Goins; and McCallister for having inadequate policies, for failure to train, and for failure to take corrective action when they had the opportunity to do so.
>
> **COUNT 13:** Against the "Town of Sumner, Illinois," and the "Town of Pinckneyville, Illinois," for failing "to ensure that [prison] officials … provided all … resources and protection the Plaintiff was entitled to."

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**THE AMENDED COMPLAINT**

According to Plaintiff, he is an "African Hebrew Israelite." Liberally construed, Plaintiff's

claims concern his confinement at two state correctional facilities: Lawrence Correctional Center (LCC) and Pinckneyville Correctional Center (PCC). Plaintiff alleges that: (1) he was denied religious services and programs necessary to the practice of his religious beliefs (e.g., group services, facilitation of meetings with religious leaders outside of prison, special meal times to accommodate fasting, etc.); (2) he was denied meals that comply with the dietary laws of his religion; (3) the religious meals that were provided were nutritionally inadequate; and (4) African Hebrew Israelites receive an unequal or insufficient share of federal and/or state funds allocated for religious programs and activities. Additionally, Plaintiff asserts that Defendants Goins and McCallister forced him to receive a "T.B. shot" while he was observing the Sabbath.

## DISCUSSION

At this early stage, the Court cannot conclude that the claims asserted in Counts 1, 2, 3, 4, 5, 6, 7, 8, 10, and 12 lack merit. Therefore, with the exceptions noted below, Plaintiff may proceed against the appropriate defendants on the claims asserted therein. With respect to Plaintiff's RLUIPA claims in Counts 1, 3, 5, and 10, however, the Court notes that Plaintiff has not specified whether the named defendants – each a government official – are sued in their official capacity or their individual capacity. Plaintiff's failure to expressly state that these defendants are sued in their individual capacity does not automatically render this action solely an official capacity suit. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 2000). A recent decision from this district holds that damages claims under RLUIPA against defendants in their individual capacity are permissible. *See Dupree v. Laster*, No. 02-cv-1059-DRH, 2007 WL 2746852 (S.D. Ill. Sept. 19, 2007). To the extent, though, that Plaintiff seeks damages under RLUIPA against the defendants in their official capacity, the prevailing view in this

district is that Plaintiff's claims are barred by sovereign immunity. *See Williams v. Miller*, No. 04-cv-0342-MJR, 2007 WL 2893641 (S.D.Ill. Sept. 28, 2007); *Nelson v. Miller*, No. 03-cv-254-CJP, 2007 WL 294276 (S.D. Ill. Jan. 30, 2007). Therefore, Plaintiff's claims for damages under RLUIPA against Defendants in their official capacity are dismissed from this action.

Furthermore, the Court notes that neither LCC nor PCC – which are facilities and buildings – are suable entities. In effect, a claim against LCC or a claim against PCC is a claim against the Illinois Department of Corrections ("IDOC"), the government entity that is charged with operating them. 730 ILCS 5/3-2-2(c). Because Plaintiff also has named the IDOC as a defendant in this action, the claims against LCC and PCC are redundant. Therefore, Defendants LCC and PCC are dismissed from this action.

Additionally, the Court notes that the amended complaint appears to drop "John/Jane Doe" as a defendant in this action. Specifically, the Court notes that "John/Jane Doe" is not named in the caption of the amended complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure. In any event, the amended complaint sets forth no allegations at all against "John/Jane Doe." Therefore, "John/Jane Doe" is dismissed from this action.

**<u>Count 9</u>**

Count 9 of the amended complaint must be dismissed. First, Plaintiff has not identified the defendants who allegedly violated his rights as alleged in Count 9 and, therefore, Defendants are not put on notice of the claims being brought against them. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Second, the gravamen of Count 9 is that Plaintiff's First Amendment rights were violated

because prison officials failed to respond to grievances filed by African Hebrew Israelites concerning the denial of their religious rights. The failure of Defendants to respond to a grievance, however, does not violate Plaintiff's right to petition the government for redress of a grievance. The Constitution requires no grievance procedure at all, and the failure of Defendants to reply to a grievance – or to follow their own grievance procedures – does not violate the Constitution. *See Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Third, Plaintiff's claim in Count 9 involves the same facts implicated in his RLUIPA and free exercise claims and, therefore, is redundant. This Court is required to analyze Plaintiff's allegations under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In this case, the salient claims are the violation of RLUIPA and freedom to freely exercise religion. These claims gain nothing by attaching additional constitutional labels to them. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Therefore, Count 9 of the amended complaint is dismissed.

### COUNT 11

In Count 11 of the amended complaint, Plaintiff alleges that "all Defendants (above)" engaged in "official misconduct, unprofessionalism, and negligence" with regard to his RLUIPA and free exercise claims. Again, Plaintiff's RLUIPA and free exercise claims gain nothing by attaching these additional labels to them. *Conyers*, 416 F.3d at 586. Indeed, negligence claims are not cognizable at all under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Count 11 of the amended complaint is dismissed.

### COUNT 13

In Count 13 of the amended complaint, Plaintiff attempts to hold the towns of Sumner, Illinois, and Pinckneyville, Illinois, vicariously liable for the actions undertaken by prison officials inside the prison. Under state law, the IDOC is vested with both the power and duty to care for the convicted persons committed to it by the state courts. 730 ILCS 5/3-2-2(a). The IDOC also is vested with the power and duty to maintain and administer all state correctional institutions and facilities. 730 ILCS 5/3-2-2(c). As a matter of law, then, neither the town of Sumner, Illinois, nor the town of Pinckneyville, Illinois, has any liability for the alleged violations of Plaintiff's free exercise rights or of RLUIPA. Therefore, Plaintiff's claims against Sumner, Illinois, and Pinckneyville, Illinois, are dismissed.

**APPOINTMENT OF STAND-BY COUNSEL**

In his amended complaint, Plaintiff requests that the Court appoint him stand-by counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Plaintiff has attempted to obtain counsel or been effectively precluded from doing so.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Plaintiff's statutory and constitutional claims concerning the practice of his religion are not that factually complex. For the most part, the relevant facts will be

what does Plaintiff's religion require him to do, have the defendants prevented him from doing it, and, if so, why. Plaintiff's eighth amendment claim that the food he is served is not nutritionally adequate is also not factually complex. The relevant inquiries are: (1) what food is provided to Plaintiff; (2) what is its caloric content and composition (how much protein, how many vitamins, etc.); and (3) whether Plaintiff has suffered any adverse effects from eating the food provided (e.g., weight loss). At first blush, constitutional claims appear legally complex, and in this case, there are subtle differences between the constitutional and statutory claims. Moreover, there are nuanced issues of immunity that Plaintiff may have to overcome. Nevertheless, based on Plaintiff's pleadings in this case and based on Plaintiff's representation of himself in other cases, *see Whitfield v. Walker*, No. 04-3136, 2007 WL 2769658 (C.D. Ill. Sept. 19, 2007), this Court finds that, at this time, Plaintiff appears to be competent to litigate his case. Therefore, his request for appointment of stand-by counsel is denied without prejudice.

**SUMMARY**

**IT IS HEREBY ORDERED** that **COUNT 9, COUNT 11,** and **COUNT 13** of the amended are **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that Defendants **JOHN/JANE DOE, LAWRENCE CORRECTIONAL CENTER, PICKNEYVILLE CORRECTIONAL CENTER, TOWN OF SUMNER, ILLINOIS,** and **TOWN OF PINCKNEYVILLE, ILLINOIS,** are **DISMISSED** with prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff's claims for damages under RLUIPA against Defendants in their official capacity are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request to appoint stand-by counsel is

**DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a copy of the docket sheet (Doc. 15) is **GRANTED**. The Clerk of Court is **DIRECTED** to mail a copy of the docket sheet to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion asking the Court to enter a scheduling order (Doc. 16) is **DENIED** at this time.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **IDOC, ANDERSON, BENTON, BRYANT, ERNEST, FAIRCHILD, FORD, GARNETT, GRIZZWALL, LOVE, MORAN, RYKER, STEVENSON, SUTTON, WALKER, WILSON, GOINS,** and **McCALLISTER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **IDOC, ANDERSON, BENTON, BRYANT, ERNEST, FAIRCHILD, FORD, GARNETT, GRIZZWALL, LOVE, MORAN, RYKER, STEVENSON, SUTTON, WALKER, WILSON, GOINS,** and **McCALLISTER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of IDOC who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used

only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this case is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 02/27/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge