IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENYEHUDA WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-968-GPM |
| | ) |
| LAWRENCE CORRECTIONAL CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the motion of Defendants Ford, Goins, Love, McAllister, Moran, Ryker, Stevenson, Walker Jr., Anderson, Bryant, Ernest, Grizzwall, Sutton, Wilson, Benton, Boyd, and Fairchild to revoke Plaintiff's *in forma pauperis* (IFP) status (Doc. 25). Also before the Court are the motions of Defendants Ford, Goins, Love, McAllister, Moran, Ryker, Stevenson, Walker Jr., Anderson, Bryant, Ernest, Grizzwall, Sutton, Wilson, Benton, Boyd, Fairchild, Garnett, and Illinois Department of Corrections to stay the deadline for filing an Answer or other responsive pleading (Docs. 26 and 34).

Plaintiff filed the instant complaint on November 21, 2006, along with a motion to proceed IFP (*see* Docs. 1 and 2). On July 11, 2007, the Court granted Plaintiff leave to proceed IFP, waived the payment of an initial partial filing fee, and directed that monthly payments be made towards the filing fee from Plaintiff's prison account (*see* Doc. 12).

In the motion to revoke IFP status, Defendants maintain that on three or more occasions prior

to commencing this civil action, Plaintiff had a complaint or claim dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Defendants argue that because Plaintiff is not under "imminent danger of serious physical injury," he cannot proceed IFP in this action. *See* 28 U.S.C. § 1915(g).

Plaintiff counters that he has not had three or more prior actions dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. First, Plaintiff appears to argue that while certain claims have been dismissed in his prior cases, the civil actions have nonetheless survived (albeit in a parsed form). Plaintiff contends that a dismissal of less than all the claims in a complaint does not count for purposes of § 1915(g). Second, Plaintiff argues that in one of the prior cases cited by the Defendants, the Court withdrew the "strike" it had assessed.

Title 28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement … of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief my be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is sometimes referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is out of luck in so far as proceeding IFP, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed IFP must determine whether the prisoner has accumulated 3 or more prior "strikes." If so, the prisoner cannot proceed IFP (unless he alleges that he is under "imminent danger of serious physical injury"). Because § 1915(g) operates to prevent an action from being "brought" if the prisoner has "on … *prior* occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's IFP analysis. Although § 1915 does not define the point at which an action is "brought," Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." It is axiomatic that a civil action is "brought" when the action is "commenced" under Rule 3. Thus, a civil action is "brought" for purposes of § 1915(g) when a complaint is filed with a court.

Amendments made to a complaint after a civil action is commenced may or may not relate back to the date of initial filing, *see* Rule 15(c) of the Federal Rules of Civil Procedure, but such amendments do not reset the clock for determining a party's IFP status. In short, a civil action is "brought" once – when it is filed with the court – regardless of how many amendments are made to a complaint. As noted above, the instant complaint was filed on November 21, 2006. Consequently, this Court must examine any dismissals occurring prior to that date in any of Plaintiff's other civil actions. Dismissals occurring after that date are not relevant to the Court's analysis of Plaintiff's motion to proceed IFP or Defendants's motion to revoke Plaintiff's IFP status.[1]

Defendants cite three cases in which Plaintiff had a complaint or portion of a complaint dismissed prior to November 21, 2006. The cases are: *Whitfield v. Snyder*, No. 3:03-cv-3014 (C.D. Ill.); *Whitfield v. Wexford Health Sources, Inc.*, No. 3:03-cv-3113 (C.D. Ill.); and *Whitfield*

---

[1]Therefore, the Court does not count the dismissals in *Whitfield v. Circuit Court of Lee County*, No. 3:06-cv-50138 (N.D. Ill.), or *Whitfield v. Chandler*, No. 07-cv-50228 (N.D. Ill.), as "strikes" for purposes of this case.

*v. Ford*, No. 3:05-cv-3218 (C.D. Ill.).

In *Whitfield v. Snyder*, No. 3:03-cv-3014 (C.D. Ill.), the Central District of Illinois dismissed Plaintiff's claims against Defendants Cameron, Craven, Daniels, Davenport, Dodson, Illinois Department of Corrections, Martins, McBride, and White pursuant to 28 U.S.C. § 1915A for "failure to state a claim." This dismissal occurred on June 12, 2003. Although the Central District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bouriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike one.

In *Whitfield v. Wexford Health Sources, Inc.*, No. 3:03-cv-3113 (C.D. Ill.), the Central District of Illinois dismissed Plaintiff's claims against both Wexford Health Services, Inc., and Health Professionals Limited for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This dismissal occurred on April 14, 2004. Again, even though the Central District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d at 607-08; *Bouriboune v. Berge,* 391 F.3d at 855. This is strike two.

Having reviewed the dismissal in *Whitfield v. Ford*, No. 3:05-cv-03218 (C.D. Ill.), however, this Court does not believe that it counts as a "strike" for purposes of § 1915(g). In *Whitfield v. Ford*, the Central District of Illinois was presented with a complaint asserting claims concerning good time credits. In his initial dismissal order, the Honorable Harold A. Baker, United States District Judge, wrote:

> If the plaintiff is maintaining that he is absolutely entitled to good time and an earlier release, then he cannot proceed under 42 U.S.C. Section 1983. *See Hadley v. Holmes*, 341 F.3d 661, 664-665 (7th Cir. 2003) (§ 2254 (habeas corpus action) is appropriate vehicle

> for challenging "benefit [good time] already conferred that has been taken away"); *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001)(challenge to reduction in earning class belongs in § 2254 action; "stakes are the same: the length of incarceration").
>
> If the plaintiff is instead claiming that, though the award of good time is not guaranteed, the defendants have wrongfully failed to even consider him for it, then his action is properly filed under 42 U.S.C. § 1983. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2004)("we have held that § 1983 must be used where a claim, if decided favorably to the prisoner, at best *might* accelerate the accrual of good time and hasten the prisoner's release"). But, he stills fails to state a claim under the U.S. Constitution, because, even if his interpretation of § 107.520(a) is correct (which it is not), he would at most be entitled to be *considered* for good time, not to receive good time. *See People v. Duke*, 305 Ill.App.3d at 171 (inmate acknowledged that Director had "broad discretion to deny . . . enhanced good-time credit even if [inmate was] legally eligible for such credit."); *Hadley v.* Holmes, 341 F.3d 661, 665 (7th Cir. 2003)("there is no due process 'protection for action that merely *might* affect the duration of the sentence.'") (citation omitted). *Eligibility* for good time falls short of a constitutionally protected interest. *See Hadley*, 341 F.3d at 665 ("there is no due process 'protection for action that merely *might* affect the duration of the sentence.'") (citations omitted); *see also Montgomery*, 262 F.3d at 645.

*Whitfield v. Ford,* No. 05-cv-3218 (C.D. Ill. April 12, 2006) (Merit Review Order).

This Court takes special note of the word "if" by Judge Baker in his Merit Review Order. *Pro se* complaints filed by prisoners are entitled to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Often it is unclear exactly what a prisoner's claim is. Prior to the enactment of the Prison Litigation Reform Act (PLRA) and the Anti-terrorism and Effective Death Penalty Act (AEDPA), a court that liberally construed a prisoner's complaint could cause no negative consequences for the prisoner. After the enactment of these statutes, however, a court's interpretation of a complaint can have negative consequences for a prisoner – such as assessing the prisoner "strikes" under § 1915(g).

In this case, it appears Judge Baker believed Plaintiff's complaint could be construed to present both a claim concerning "guaranteed," non-discretionary good time credit and a claim concerning *discretionary* good time credit. Judge Baker determined that Plaintiff's claim for "guaranteed," non-discretionary good time credit did not state a *§ 1983 claim*, but could be cognizable as a habeas corpus claim pursuant to 28 U.S.C. § 2254. In lieu of construing the § 1983 complaint as asserting a § 2254 habeas claim – a reinterpretation of Plaintiff's action which might have had negative consequences for the Plaintiff under the AEDPA – Judge Baker simply dismissed it as a *§ 1983* action. This Court does not believe such a dismissal counts as a strike for purposes of § 1915(g). Failing to state a § 1983 claim is not the same as failing to assert *any* claim.

By contrast, Judge Baker dismissed Plaintiff's claim for discretionary good time credits for failing to state *any* claim. Because of that, Judge Baker assessed Plaintiff a strike. But in his motion for reconsideration, Plaintiff clarified this his complaint was for "guaranteed," non-discretionary good time credits under Illinois statutory law, not for discretionary good time credits. Notwithstanding Plaintiff's clarification, however, Judge Baker still denied Plaintiff's motion for reconsideration. Specifically, Judge Baker stated "[e]ven assuming, arguendo, that the plaintiff's read of Illinois law is right and he is owed those [good time] credits, he still cannot challenge their denial under § 1983 … [because] a Section 1983 action is not the proper legal route for challenging their denial." *Whitfield v. Ford*, No. 3:05-cv-3218 (C.D. Ill. June 22, 2006) (Order Denying Motion to Reconsider). Judge Baker then went on to clarify that "[t]he primary basis for the dismissal of this case is that the claim cannot be pursued procedurally under 42 U.S.C. §1983." *Id*. Implicit in this statement is that Plaintiff's claim could, in theory, be pursued in a § 2254 action. Accordingly, Judge Baker withdrew the "strike" he had previously assessed against Plaintiff. *Id*. Given this

record, this Court cannot conclude that *Whitfield v. Ford* was dismissed because the action was frivolous, malicious, or failed to state a claim upon which relief may be granted.

When this Court is presented with a complaint asserting a similar good time credit claim – that is, a claim which is not cognizable under § 1983, but one that can, in theory, be pursued in a habeas action under § 2254 – this Court's general practice is to dismiss the § 1983 claim without prejudice to the prisoner properly refiling the action at a later date as a § 2254 action (after pursuing the matter through the state courts first). This Court does not consider such dismissals to be "strikes" for purposes of § 1915(g). This appears to be the result Judge Baker intended as well. Accordingly, this Court concludes that *Whitfield v. Ford* does not count as a strike for purposes of § 1915(g).

In reviewing Plaintiff's prior litigation, however, the Court has discovered additional dismissals that do count as "strikes" for purposes of § 1915(g). In *Whitfield v. Illinois Dept. of Corrections*, No. 3:02-cv-50387, the Northern District of Illinois dismissed the Illinois Department of Corrections as a defendant with prejudice on February 14, 2003. Additionally, the Northern District of Illinois dismissed Plaintiff's access to the courts claim pursuant to Rule 12(b)(6) on August 3, 2004. These dismissals were affirmed by the Seventh Circuit Court of Appeals. *See Whitfield v. Illinois Dept. of Corrections,* No. 06-2245 (7th Cir. May 31, 2007) (affirming the district court in part and reversing the district court in part). Furthermore, in *Whitfield v. Walker*, No. 3:04-cv-3094, the Central District of Illinois dismissed all of Plaintiff's damages claims against the defendants in their official capacities on March 10, 2006, because such claims are barred by the Eleventh Amendment. Because these dismissals count as strikes, Plaintiff has "struck out."

A review of Plaintiff's factual allegations indicate that he is not under "imminent danger of

serious physical injury." Consequently, Plaintiff may not proceed IFP.

For the foregoing reasons, Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Doc. 25) is **GRANTED**, and Plaintiff's leave to proceed *in forma pauperis* is **REVOKED**. Consequently, Plaintiff is **ORDERED** to pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order. If Plaintiff does not comply with this Memorandum and Order in the time allotted, this action will be dismissed for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Defendants' motions to stay the deadline for filing an Answer or other responsive pleading (Docs. 26 and 34) are **GRANTED**. Defendants need not file an Answer or other responsive pleading in this case unless and until directed to do so by the Court.

**IT IS SO ORDERED.**

DATED: 08/18/2008

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge