IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENYEHUDA WHITFIELD,           )
                               )
       Plaintiff,         )
                               )
vs.                            )   CIVIL NO. 06-968-GPM
                               )
LAWRENCE CORRECTIONAL          )
CENTER, *et al.*,              )
                               )
       Defendants.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider the Court's Order revoking his *in forma pauperis* (IFP) status, in which the Court found that Plaintiff has accumulated at least "3 strikes" prior to commencing the instant action and, therefore, he cannot proceed IFP. Specifically, the Court found that the following dismissals constituted prior "strikes" for purposes of 28 U.S.C. § 1915A:

    1. *Whitfield v. Snyder*, No. 3:03-cv-3014 (C.D. Ill.): the June 12, 2003, dismissal of Plaintiff's claims against Defendants Cameron, Craven, Daniels, Davenport, Dodson, Illinois Department of Corrections, Martins, McBride, and White pursuant to 28 U.S.C. § 1915A for failure to state a claim;

    2. *Whitfield v. Wexford Health Sources, Inc.*, No. 3:03-cv-3113 (C.D. Ill.): the April 14, 2004, dismissal of Plaintiff's claims against both Wexford Health Services, Inc., and Health Professionals Limited for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil;

    3. *Whitfield v. Illinois Dept. of Corrections*, No. 3:02-cv-50387 (N.D. Ill.): the February 14, 2003, dismissal with prejudice of the Illinois Department of Corrections as a defendant;

4. *Whitfield v. Illinois Dept. of Corrections*, No. 3:02-cv-50387 (N.D. Ill.): the August 3, 2004, dismissal of Plaintiff's access to the courts claim pursuant to Rule 12(b)(6);

5. *Whitfield v. Walker*, No. 3:04-cv-3136 (C.D. Ill):[1] the March 10, 2006, dismissal of all of Plaintiff's damages claims against the defendants in their official capacities because such claims are barred by the Eleventh Amendment.

A review of Plaintiff's complaint indicated that he was not under "imminent danger of serious physical injury." Consequently, the Court revoked Plaintiff's IFP status (Doc. 35).

In the instant motion, Plaintiff claims that the February 14, 2003, dismissal in *Whitfield v. Illinois Dept. of Corrections*, and the March 10, 2006, dismissal in *Whitfield v. Walker*, are not "strikes" for purposes of § 1915A and, therefore, he should be allowed to proceed IFP.

The Court disagrees. Even if this Court is wrong and these two dismissals are not "strikes," however, Plaintiff's motion to reconsider must be denied because Plaintiff still has "three strikes" – the June 12, 2003, dismissal in *Whitfield v. Snyder*; the April 14, 2004, dismissal in *Whitfield v. Wexford Health Sources, Inc.*; and the August 4, 2004, dismissal in *Whitfield v. Illinois Dept. of Corrections*.

Plaintiff's motion for reconsideration (Doc. 36) is **DENIED.**

**IT IS SO ORDERED.**

DATED: 09/08/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge

---

[1] In the Court's prior Order (Doc. 35) this case was misidentified as Case No. 3:04-cv-3094. Plaintiff did, in fact, file a case, *Whitfield v. Gupta*, Case No. 3:04-cv-3094 (C.D. Ill.), but that case was transferred to this Court and assigned a new case number. *See Whitfield v. Gupta*, No. 3:04-cv-420 (S.D. Ill.).