IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENYEHUDAH WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cv-00968-DGW |
| ) | |
| ILLINOIS DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. | |

## ORDER

This action comes before the Court on the Motion for Dismiss filed by Defendants Brian Fairchild, Terri Anderson, Sherry Benton, Melody Ford, Christine Boyd, Terri Bryant, Neil Earnest, Roger E. Walker Jr., Rick Sutton, Earl Wilson, Lee Ryker, Tim McCallister, Randy Stevenson, Russell Goins, Timothy Love, Pamela Moran, Suzann Griswold, Jason C. Garnett, and Illinois Department of Corrections ("IDOC") ("Defendants") on July 22, 2011 (Doc. 53). Plaintiff did not file a response to the motion. For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

On November 21, 2006, Plaintiff Benyehudah Whitfield, formerly incarcerated at Western Illinois Correctional Center, filed an action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* (Doc. 13).

On February 27, 2008, the Court conducted a preliminary review of Plaintiff's Amended Complaint (Doc. 48) pursuant to 28 U.S.C. § 1915A, and dismissed Counts 9, 11 and 13 with

prejudice (Docs. 18, 48). The Court also dismissed all claims for damages under RLUIPA against Defendants in their official capacity. (Docs. 18, 48). The following counts remain:

**COUNT 1:** Against Defendants Anderson; Benton; Boyd; Fairchild; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for impinging upon his religious practices (denying services and programs) in violation of RLUIPA;

**COUNT 2:** Against Defendants Anderson; Benton; Boyd; Fairchild; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for violating the Establishment Clause of the First Amendment by providing services and programs for other religious groups, but not for the religious group to which Plaintiff belongs.

**COUNT 3:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for impinging upon his religious practices (denying religious meals) in violation of RLUIPA.

**COUNT 4:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating his right to freely exercise his religion under the First Amendment (denying him religious meals).[1]

**COUNT 5:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for impinging upon his religious practices (allocation of funds) in violation of RLUIPA.

**COUNT 6:** Against Defendants Anderson; Benton; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating the Establishment Clause of the First Amendment (unequal allocation of funds for religious services and programs).

**COUNT 7:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating Plaintiff's Eighth Amendment rights (nutritionally inadequate meals).

**COUNT 8:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for violating Plaintiff's rights to due process and equal protection under the Fourteenth Amendment with regard to Counts 1 through 7.

---

[1] The amended complaint categorizes this claim as asserting a claim under the Establishment Clause of the First Amendment, but the claim is more accurately analyzed under the Free Exercise Clause of the First Amendment.

**COUNT 10:** Against Defendants Goins and McCallister for substantially impinging Plaintiff's right to freely exercise his religion in violation of RLUIPA and for violating his free exercise rights under the First Amendment by forcing him to receive a "T.B. shot" on the Sabbath.

**COUNT 12:** Against Defendants Illinois Department of Corrections; Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Stevenson; Sutton; Walker; Wilson; Goins; and McCallister for having inadequate policies, for failure to train, and for failure to take corrective action when they had the opportunity to do so.

(Doc. 48). Plaintiff seeks injunctive relief to enjoin Defendants from committing further violations as set forth in this complaint (Doc 13). In addition, Plaintiff requests $2.5 million in punitive damages, $2.5 million dollars in compensatory damages, damages for physical and emotional injuries, and reimbursement of costs. *Id.*

On July 22, 2011, Defendants moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (Doc. 53). Defendants assert that the Court lacks subject matter jurisdiction to grant injunctive relief because there is no ongoing violation of federal law and the request for injunctive relief is moot. *Id.* Additionally, Defendants contend that Plaintiff's claims against Defendants, acting in their official capacities, are barred by the Eleventh Amendment. *Id.* Plaintiff did not file a response to the motion.

## Legal Standard

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). A party who invokes the jurisdiction of a federal court must allege all facts necessary to give the court jurisdiction of the subject matter. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009) (7th Cir. 1987) (noting that it is the

plaintiff's burden to establish that jurisdictional requirements have been met). The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether, in fact, subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993). The court must dismiss a case without reaching the merits if it concludes that it has no jurisdiction. *Shockley v. Jones, 823 F.2d 1068, 1070 n.1* (7th Cir. 1987).

The Court is mindful of Plaintiff's *pro se* status and accordingly, reads his complaint liberally. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998). However, this Court is not required to "fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg,* 95 F.3d 580, 583 (7th Cir. 1996). In light of Plaintiff's *pro se* status, the Court will construe the complaint as asserting claims against the Defendants in both their official and individual capacities.

## Discussion

### *Official Capacity Claims*

Defendants argue that Plaintiff's claims against the IDOC and all Section 1983 against them in their official capacity should be dismissed pursuant to Rule 12(b)(1) because they are barred by the Eleventh Amendment (Doc. 53). The Court agrees.

Under the Eleventh Amendment, a state is immune from suits brought by individuals in federal court. *Kroll v. Board of Trustees of University of Illinois,* 934 F.2d 904, 907 (7th Cir. 1991). Because a suit against a state official in his or her official capacity is "no different from a suit against the State itself," *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), state

officials in their official capacities are generally immune from suit under the Eleventh Amendment. *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.,* 432 F.3d 746, 748 (7th Cir. 2005). Although a state may waive its Eleventh Amendment immunity and Congress may abrogate the immunity, *see Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); *Meadows v. Indiana,* 854 F.2d 1068, 1069-70 & n.3 (7th Cir. 1988), neither occurred here. *See Quern v. Jordan,* 440 U.S. 332, 338-45 (1979) (holding that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment sovereign immunity); *Kroll,* 934 F.2d at 909 & n.5 (same); *Thomas v. Walton,* 461 F.Supp.2d 786, 799 (S.D. Ill. 2006) (Illinois has not waived its Eleventh Amendment immunity from suit in federal court). Moreover, states and state agencies, as well as state employees sued in their official capacity are not "persons" within the meaning of 42 U.S.C. § 1983. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Ryan v. Dep't of Children & Family Servs.,* 185 F.3d 751, 758 (7th Cir. 1999).

In this case, Plaintiff seeks actual, nominal, consequential, compensatory and punitive damages against the IDOC and Defendants in their official capacities (Doc. 13). Plaintiff's official capacity claims must be deemed to be claims against the IDOC. *See Thomas,* 461 F.Supp.2d at 799 (an official capacity suit against prison correctional officers for actions taken under the color of state law is treated as a suit against the IDOC); *Bruken v. Lance,* 807 F.2d 1325, 1392 (7th Cir. 1986) ("[A]n official capacity suit against a state official for actions taken under the color of state law . . . is, in all respects other than the name, to be treated as a suit against the [government] entity."). Because Plaintiff is seeking monetary damages, the State and its officials are barred from suit pursuant to the Eleventh Amendment. Therefore, all claims for actual, nominal, consequential and punitive damages asserted against the IDOC and Defendants in their official capacities are hereby **DISMISSED with prejudice**.

*Claims Pursuant to RLUIPA and Request for Injunctive Relief*

Eleventh Amendment immunity does not, however, bar suits against individual state officials for prospective injunctive relief and declaratory relief to end an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 128, 160 (1908). In *Young*, the Supreme Court reasoned that any actions of state officials according to an unconstitutional state enactment could not be regarded as "official or representative" because the underlying state authority for them would be void under the Constitution. *Young,* 209 U.S. at 192. Accordingly, a suit against a state official to end an ongoing violation of federal law is not considered a suit against the state, and therefore is not barred by the Eleventh Amendment. *Will*, 491 U.S. at 71. To the extent that Plaintiff brings this action for violations of federal law, pursuant to Section 1983 and RLUIPA, his suit against Defendants for injunction and declaratory relief is permitted by the *Young* exception to the Eleventh Amendment immunity.

Defendants, however, contend that because Plaintiff is released from prison, his RLUIPA claims in Counts 1, 3, 5 and 10, as well as his request for injunctive relief in Count 2 must be dismissed because there is no longer an ongoing violation of federal law. (Doc. 53). The Court agrees.

A court's power to grant injunctive relief only survives if such relief is actually needed. *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009). "The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility." *Nelson*, 570 F.3d at 882; quoting *United States v. W.T. Grant Co.,* 345 U.S. 629, (1953). In *Nelson,* a Tamms inmate sued prison officials for violations of, among other things, the First Amendment and RLUIPA regarding denial of his request for a vegan diet. *Nelson,* 570 F.3d at

872. The Seventh Circuit affirmed the district court's determination that the plaintiff's request for injunctive relief was moot because the plaintiff was currently receiving the vegan diet that formed the basis for the RLUIPA violation and there was no evidence to suggest that the diet would be revoked. *Nelson,* 570 F.3d at 882-83.

On July 18, 2011, Plaintiff notified the Court of his change of address (Doc. 49). He is no longer incarcerated at the Western Illinois Correctional Center, and now resides in a residence in Chicago, Illinois. *Id.* Since Plaintiff has been released from prison, injunctive relief is no longer necessary. Accordingly, the RLUIPA claims asserted in Counts 1, 3, 5 and 10, as well as the request for injunctive relief in Count 2 of the First Amended Complaint are **DISMISSED with prejudice**.

*Individual Capacity Claims*

The Eleventh Amendment does not preclude suits in federal court for money damages against state officials in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21, 26-7 (1991); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). In this case, Plaintiff seeks damages against Defendants in their individual capacities (Doc. 13). Defendants' motion, however, does not address these claims (Doc. 53). Therefore, Plaintiff's Section 1983 claims for damages against Defendants in their individual capacities shall proceed.

## Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 53). Plaintiff's claims brought pursuant to RLUIPA in Counts 1, 3, 5 and 10 are **DISMISSED with prejudice**. Plaintiff's claim for injunctive relief, Count 2, is **DISMISSED with prejudice**.

All claims asserted in Counts 4, 6, 7, 8 and 12 against Defendants in their official capacities are **DISMISSED with prejudice**. All claims against the IDOC are **DISMISSED with prejudice**.

Plaintiff shall proceed on the following claims against Defendants in their individual capacities:

**COUNT 4:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating his right to freely exercise his religion under the First Amendment (denying him religious meals).[2]

**COUNT 6**: Against Defendants Anderson; Benton; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating the Establishment Clause of the First Amendment (unequal allocation of funds for religious services and programs).

**COUNT 7:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Sutton; Walker; and Wilson for violating Plaintiff's Eighth Amendment rights (nutritionally inadequate meals).

**COUNT 8:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Stevenson; Sutton; Walker; and Wilson for violating Plaintiff's rights to due process and equal protection under the Fourteenth Amendment with regard to Counts 4 through 7.

**COUNT 10:** Against Defendants Goins and McCallister for violating his free exercise rights under the First Amendment by forcing him to receive a "T.B. shot" on the Sabbath.

**COUNT 12:** Against Defendants Anderson; Benton; Boyd; Bryant; Ernest; Fairchild; Ford; Garnett; Griswold; Love; Moran; Ryker; Stevenson; Sutton; Walker; Wilson; Goins; and McCallister for having inadequate policies, for failure to train, and for failure to take corrective action when they had the opportunity to do so.

**IT IS SO ORDERED.**

**DATED: November 2, 2011**

*Donald Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] The amended complaint categorizes this claim as asserting a claim under the Establishment Clause of the First Amendment, but the claim is more accurately analyzed under the Free Exercise Clause of the First Amendment.