IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENYEHUDAH WHITFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RUSSELL J. GOINS, TIMOTHY LOVE, TIM)<br>MCCALLISTER, and LEE RYKER, )<br>)<br>Defendants. ) | Case No. 3:06-cv-968-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Second Motion to Repoen Discovery filed by Plaintiff, BenYehudah Whitfield, on December 26, 2013 (Doc. 92). The Motion is **DENIED IN PART**.

On October 18, 2013, Defendants filed a Motion for Summary Judgment on the merits of Plaintiff's claims (Doc. 87). There are six (6) remaining claims in this matter, against the Defendants listed above in the caption, alleging First Amendment violations, equal protection violations, and claims of unconstitutional policies and practices. Defendants generally argue that Plaintiff cannot show that any of them were personally involved in the alleged deprivations and that there were legitimate reasons for restricting Plaintiff's First Amendment rights.

On November 18, 2013, Plaintiff filed a Motion to Reopen Discovery (Doc. 90) and stated that he required copies of grievances he had submitted to the prison where he was incarcerated, that had been destroyed in a flood, in order to respond to the Motion for Summary Judgment. That Motion was denied without prejudice because Plaintiff did not support the Motion with an affidavit as required by Federal Rule of Civil Procedure 56(d) (Doc. 91).

Plaintiff now has presented a declaration in which he states that he does not "recall a lot of the important facts and/or information relating to the allegations" and that he requires the grievances and responses that he submitted regarding the events (which took place in 2005 and 2006) to refresh his memory.[1] Plaintiff further states that he requested copies of the grievances but that the requests were denied by the Illinois Department of Corrections and the Illinois Attorney General's Office (through a Freedom of Information Act request). Plaintiff further seeks to serve interrogatories and requests for production of documents upon Defendants. Plaintiff does not specify what these discovery requests may be or why he had not made such requests before the discovery deadline of September 27, 2013.

In response, Defendants note that the grievances are inadmissible hearsay and may not be used as evidence in this matter. Defendants also note that the grievances that Plaintiff seeks are attached to their Motion for Summary Judgment on Exhaustion filed on April 30, 2012 (Doc. 62).

Discovery in this matter will not be reopened. Plaintiff has offered no excuse as to why he failed to conduct discovery prior to the discovery deadline. Plaintiff also does not specify what discovery he seeks from Defendants (other than the grievances) nor has he provided the Court with any proposed discovery requests. This matter has been pending for a significant time and additional delays can no longer be sanctioned. In order to move these proceedings along, Defendants are **ORDERED** to file any grievances and responses in their possession related to the remaining claims in this matter, that have not already been filed with the Clerk of Court as an exhibit or otherwise, by **February 12, 2014.** To the extent that Plaintiff requires copies of the

---

[1] Plaintiff did have copies of these grievances but they were destroyed in a recent flood at his residence (he indicates that he did not become aware that they were destroyed until September 28, 2013). Plaintiff has provided no indication of the dates of these grievances or how many there may be.

2

grievances that are already contained in the record, he may contact the Clerk's office to arrange for copies (of Document 62 and its exhibits and/or any other documents he may require).   Plaintiff is **GRANTED** until **March 7, 2014** to respond to the Motion for Summary Judgment.   No further extensions will be granted.   Plaintiff is encouraged to swiftly review the grievances contained in the record, those that may be filed by Defendants on February 12, 2014, and file a response to the Motion for Summary Judgment.   The failure to respond to the Motion for Summary Judgment by the deadline may result in judgment being entered in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.**

**DATED: February 5, 2014**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**